# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re:                                         Case No. 03-33912-WRS
                                               Chapter 7
LATASHA BULLOCK

    Debtor.


CAPITAL CHEVROLET,                             Adv.Pro.No. 04-3058-WRS

    Plaintiff,

v.

LATASHA BULLOCK

    Defendant.

## MEMORANDUM DECISION

    This Adversary Proceeding came before the Court for trial on September 21, 2004. The Plaintiff was represented by counsel Richard C. Dean, Jr., and the Defendant was present by counsel Richard D. Shinbaum. The Court heard evidence and took the matter under submission. For the reasons set forth below, the complaint is DISMISSED, and attorney's fees, pursuant to 11 U.S.C. § 523(d), are awarded to Defendant.

## I. FINDINGS OF FACT

    On February 3, 2003, the Debtor purchased an automobile from the Plaintiff. The Debtor paid $2,500 in cash and tendered two $500.00 checks at the time of purchase. In addition, the Debtor executed a promissory note for the balance of the purchase price. It was agreed that the

Plaintiff would hold the checks for two weeks before negotiating them. One of the $500.00 checks did clear and the other did not. The check that did not clear was returned for nonsufficient funds on February 19, 2003. The Plaintiff knew that the Debtor did not have funds in her account sufficient to honor the check at the time that it was accepted. The Debtor promised to have the funds within two weeks, unfortunately this did not come to pass. The Plaintiff has no evidence that the Defendant's statement, that she would have the funds in two weeks, was not believed to be true when she made the statement. The Plaintiff asks that the Court infer a misrepresentation based solely upon the subsequent dishonor of the check, notwithstanding the fact that the Plaintiff knew the Defendant did not have the money at the time the check was written. Based upon the evidence presented, the Plaintiff has failed to prove that the Defendant intentionally made a false statement.

## II. CONCLUSIONS OF LAW

### A. Jurisdiction

The Plaintiff Capital Chevrolet seeks a determination from this Court that the indebtedness owed him by the Debtor is excepted from discharge pursuant to 11 U.S.C. § 523(a)(2). This Court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

## B. 11 U.S.C. § 523(a)(2)(A)

Section 523(a)(2)(A), of Title 11 of the United States Code provides, in part, as follows:

> (a) A discharge under section 727 ... does not discharge an individual debtor from any debt-
>
> (2) for money, property, services ... to the extent obtained, by -
>
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting a debtor's or an insider's financial condition.

11 U.S.C. § 523(a)(2)(A).

To prevail on a fraud claim, the plaintiff must prove, with a preponderance of the evidence, the following elements:

> (1) The debtor made a false representation of a past or current material fact;
>
> (2) With the intent to deceive the creditor;
>
> (3) The creditor justifiably relied upon the representation;
>
> (4) The creditor sustained loss as a proximate result of the representation.

*St. Laurent v. Ambrose* (*In re St. Laurent*), 991 F.2d 672, 676 (11th Cir. 1993); *Capps v. Houston* (*In re Capps*), 193 B.R. 955, 959 (Bankr. N.D. Ala. 1995); *Checkcare Systems v. Alexander* (*In re Alexander*), 212 B.R. 993, 996 (Bankr. M.D. Ala. 1997); *Lycan v. Walters*, 904 F.Supp. 884, 897 (S.D. Ind. 1995); *McMullen v. Klaiman* (*In re Klaiman*), 202 B.R. 813, 816 (Bankr. D. Conn. 1996); *see also Field v. Mans,* 516 U.S. 59, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995) (holding that "justifiable reliance" was the appropriate standard rather than the more stringent "reasonable reliance" standard); *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) (preponderance of the evidence is the proper standard for proceedings under Section 523).

Exceptions to discharge are to be strictly construed in favor of the debtor. *Meyer v. Riddon,* 36 F.3d 1375, 1385 (7th Cir. 1994); *National Union Fire Insurance Co. of Pittsburgh* (*In re Bonnanzio*), 91 F.3d 296, 300 (2nd Cir. 1996); *Chevy Chase Bank v. Briese* (*In re Briese*), 196 B.R. 440, 445 (Bankr. W.D. Wis. 1996). Also, the burden of proving that the debt should be excepted from discharge is on the creditor. Fed. R. Bankr. P. 4005; *see Check Control, Inc., v. Anderson* (*In re Anderson*), 181 B.R. 943, 949 (Bankr. D. Minn. 1995).

The standard contemplated by Section 523 encompasses only conduct that is "truly blameworthy in an everyday sense, not just a legal or technical sense." *In re Anderson*, 181 B.R. 943, 948. Fraud implied in law, which may exist absent a finding of bad faith or intentional wrongdoing, is not sufficient to support a claim under Section 523. *In re Murphy*, 190 B.R. 327, 332 (Bankr. N.D. Ill. 1995).

An actual, overt representation is the *sin qua non* of Section 523(a)(2)(A). *In re Capps*, 193 B.R. 955, 959 (citing *Schweig v. Hunter* (*In re Hunter*), 780 F.2d 1577, 1578 (11th Cir. 1986)). This representation must relate to a past or existing material fact. *Lycan v. Walters*, 904 F.Supp. 884, 897; *see also In re Immobilaire*, 314 B.R. 139, 159 (Bankr. S.D. Ohio 2004). Representations as to future intentions or promises to perform certain acts in the future generally do not give rise to actionable fraud, unless the defendant had no intent to fulfill the promise at the time of its making. *See E &S Facilities v. Precision Inc., v. Precision Chipper Corp.*, 565 So.2d 54, 59 (Ala. 1990) (holding that "to establish fraud in a promise to perform in the future, it must be shown that the defendant, at the time of the promise, did not intend to do that act but intended to deceive."); *Thomas v. Turner* (*In the Matter of Turner*), 12 B.R. 497, 501 (Bankr. N.D. Ga. 1981) (generally a fraud action will not lie for misrepresentations as to future promises or facts,

4

but an exception exists where, at the time the promise was made, the promisor had the intent not to perform the promised act); <u>In re Norton</u>, 248 B.R. 131, 133-34 (Bankr. W.D. Wis. 2000) (at common law, a promise of future performance or intention is actionable as fraud only if at the time the statement was made, the debtor never actually intended to honor the statement); <u>In re McGinty</u>, 276 B.R. 489, 495 (Bankr. N.D. Miss. 2000) (stating that representations that are promissory in nature do not constitute actionable fraud without proof of a present undisclosed intent not to perform when the representations were made); <u>Palmacci v. Umpierrez</u>, 121 F.3d 781, 787 (1st Cir. 1997) (holding that a debtor's statement of future intention is not necessarily a misrepresentation if intervening events cause the debtor's future actions to deviate from previously expressed intentions) (citations omitted); *see also* <u>In re Tobin</u>, 258 B.R. 199, 203 (9th Cir. BAP 2001) (noting that promissory fraud is a subspecies of fraud and deceit, with identical elements to common law fraud).

In the instant case, the Plaintiff has offered no evidence regarding any specific representations made by the Debtor relating to a past or existing material fact. Nor does the Plaintiff's complaint describe the representations upon which this Section 523(a)(2)(A) claim is based. Considering the facts of this case, any argument that the Debtor made a representation that there were sufficient funds in her account at the time of the transaction is untenable. The Debtor and Capital Chevrolet negotiated a deal whereby the Debtor was to purchase a vehicle by providing $2,5000.00 cash, a promissory note for $8,000.00 and issuing two checks for $500.00. Capital Chevrolet agreed that they would hold the checks for two weeks before presenting them for collection. One of the checks cleared and the other did not. The fact that there was an agreement between the Debtor and Capital Chevrolet to hold the checks for a specified period of

time flatly contradicts any assertion that there was a representation made by the Debtor that there were sufficient funds in her account to cover the checks at the time that they were written. Capital Chevrolet knew that the Debtor had insufficient funds at the time the checks were written. The record reflects that the Debtor made no representations as to the state of her account inconsistent with the fact that she did not have sufficient funds to cover the two checks at that time. As no false representation was made by the Debtor regarding a past or existing material fact, Capital Chevrolet is left only to rely upon the theory of promissory fraud to support its Section 523(a)(2)(A) claim.

However, to succeed on a theory of promissory fraud, Capital Chevrolet must prove that the Debtor did not have the requisite intent to perform as promised at the time the promise was made. *See* E &S Facilities v. Precision Inc., v. Precision Chipper Corp., 565 So.2d 54, 59. A debtor's actual intent to deceive may be shown by circumstantial evidence.[1] In re Briese, 196 B.R. 440, 451. The subsequent failure of the debtor to pay, without more, is not sufficient to establish that the debtor lacked the intent to pay when the representation was made. *Id.* at 452.

Capital Chevrolet has failed to prove that the Debtor did not have the intention to pay what was owed. The Debtor wrote two checks to Capital Chevrolet. One of those checks did clear and the other did not. The Debtor paid a $2,500.00 cash down payment on the vehicle and signed a promissory note in the amount of $8,000.00. To find fraudulent intent based upon these facts as the Plaintiff urges, would require this Court to hold that the Debtor paid $2,500.00 cash out of her own pocket with the intent to defraud Capital Chevrolet in the amount of $500.00.

---

[1] A determination of the debtor's fraudulent intent to deceive depends in large measure upon the assessment of the debtor's credibility made by the Court and the demeanor of the particular debtor. Palmacci v. Umpierrez, 121 F.3d 781, 785 (citing Commerce Bank & Trust Co. (In re Burgess), 955 F.2d 134, 137 (1st Cir. 1992)).

Such a finding would defy all logic. Had the Debtor harbored an undisclosed intent not to pay Capital Chevrolet, there is no reason why the Debtor would choose to honor any portion of her obligation.

This Court finds that the Plaintiff cannot prove all of the elements of Section 523(a)(2)(A), as there was a failure to show fraudulent intent and thus its exception to discharge under it must be denied. It is unnecessary for the Court to determine whether the debt in question is excepted from discharge under Section 523(a)(2)(B), as the Plaintiff has failed to prove that the Debtor acted with the requisite intent to deceive.

### B. 11 U.S.C. § 523(d)

Section 523(d) provides:

> If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

11 U.S.C. § 523(d).

The purpose of Section 523(d) is to discourage creditors from bringing actions in hope of obtaining a settlement from an honest debtor anxious to save attorney's fees. *Manufacturer's Hanover Trust Co. v. Hudgins*, 72 B.R. 214, 219 (Bankr. N.D. Ill. 1987) (finding that Section 523 was enacted to curb creditor practices that violated the spirit of the Bankruptcy Code by preventing a debtor from getting a fresh start); *see also TranSouth Financial Corp. of*

*Florida v. Johnson*, 931 F.2d 1505, 1509 (11th Cir. 1991) (noting that Section 523(d) itself allows an honest debtor to defend against a dischargeability action without regard to the cost of attorney's fees).

The creditor may avoid the imposition of costs and attorney's fees against it by establishing that its nondischargeability claim was "substantially justified"[2] or by showing that there are special circumstances making such a judgment unjust. The term "substantially justified" means "justified in substance or in the main-- that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 566, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)). Generally, a bankruptcy court shall award attorney's fees pursuant to Section 523(d) when the plaintiff "proceed[s] with its case past a point where Plaintiff knew or should have known that it could not carry its burden of proof." *See American Savings Bank v. Harvey*, 172 B.R. 314, 319 (9th Cir. BAP 1994); *See also Manufacturer's Hanover Trust Co. v. Hudgins*, 72 B.R.214, 220 (holding that "a creditor is not substantially justified when it proceeds to trial knowing that it lacks sufficient evidence to sustain its burden of proof and then fails to establish a single necessary element of its claim.").

The Court finds that there are no special circumstances that would render the imposition of costs and attorney's fees unjust, thus the only issue that remains is whether the Plaintiff was substantially justified in bringing this nondischargeability claim. Plaintiff was aware that the Debtor made no express representations with respect to her having sufficient funds in her account

---

[2] The Supreme Court has defined the term "substantially justified" in construing the Equal Access to Justice Act, which governs claims for attorney's fees by litigants against the federal government. *Pierce v. Underwood*, 487 U.S. 552, 566. The language of Section 523 is derived from the Equal Justice Act, 28 U.S.C. § 2412(d)(1)(A). *See Citizens National Bank v. Burns* (*In re Burns*), 894 F.2d 361, 362 (1990); *Matter of Hingson*, 954 F.2d 428, 429 (1992) (citing S.Rep. No. 65, 98th Cong., 1st Sess. 9-10 (1983)).

8

at the time the two checks were written. The Plaintiff proceeded to trial when it knew or should have known that it could not carry its burden, as it had no evidence of the Debtor's intent.

## **CONCLUSION**

For the foregoing reasons, the Plaintiff's Complaint is DISMISSED. Furthermore, this Court grants judgment in favor of the Debtor for reasonable attorney's fees pursuant to 11 U.S.C. § 523(d).

Done this 7th day of December, 2004.

/s/ William R. Sawyer
United States Bankruptcy Judge


c: Richard C. Dean Jr., Attorney for Plaintiff
  Richard D. Shinbaum, Attorney for Defendant