UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re   Case No. 03-33912-WRS
        Chapter 7
LATASHA BULLOCK,

    Debtor

CAPITOL CHEVROLET,

    Plaintiff   Adv. Pro. No. 04-3058-WRS

v.

LATASHA BULLOCK,

    Defendant

## MEMORANDUM DECISION

After a trial on the merits, the Court dismissed the complaint against the Debtor by its order of December 7, 2004. (Docs. 15, 16). The Court further awarded the Defendant attorney's fees pursuant to 11 U.S.C. § 523(d). Pursuant to the Court's Order, counsel for the Defendant filed an affidavit requesting attorney's fees in the amount of $3,080.00. (Doc. 20). Plaintiff Capital Chevrolet has filed an objection to the application for attorney's fees. (Doc. 24).

The Court here is called upon to make a determination of whether the fees requested are reasonable. 11 U.S.C. § 362(d). The Court heard the evidence at the September 21, 2004 trial and is familiar with the record in this case. The Court has reviewed the application for fees and finds that it is reasonable and that it should be allowed.

The Court notes that the quality of the advocacy for the Defendant was substantially above average. Consumer debtors who have gone through bankruptcy are vulnerable to

overreaching, if not abusive, creditor practices. Many creditors are quick to allege fraud based only on a debtor's failure to pay a debt. To afford debtors the protections intended by Congress when it enacted the Bankruptcy Code, it is necessary to adequately compensate competent counsel to keep the playing field between debtors and creditors even. The fees claimed by counsel for the Defendant in this case are both well-earned and well-deserved.

Attorney's fees are to be awarded if the position of the creditor was not "substantially justified." Capitol Chevrolet called only one witness, a bookkeeper who had no first hand knowledge of the transaction at hand. Its only evidence of fraud was a returned check. Based upon the facts and circumstances, particularly the inordinate delay between the date of the transaction and the presentation of the check, the Court found that there was an agreement between the parties to hold the check. Considering the facts and circumstances of this case, the Court finds that the position of Capitol Chevrolet was not substantially justified and further that there are no special circumstances which would render an award of attorney's fees as unjust.

Done this 11th day of January, 2005.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Richard C. Dean Jr., Attorney for Plaintiff
   Richard D. Shinbaum, Attorney for Defendant