UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                          Case No. 03-33912-WRS
                                               Chapter 7
LATASHA BULLOCK,

    Debtor

CAPITOL CHEVROLET,

    Plaintiff                              Adv. Pro. No. 04-3058-WRS

  v.

LATASHA BULLOCK,

    Defendant

### MEMORANDUM DECISION

This Adversary Proceeding came before the Court for hearing on January 25, 2005, on the Motion to Alter and Amend which was filed by Plaintiff Capitol Chevrolet. (Docs. 19, 32, 34). Capitol Chevrolet was present by counsel Richard C. Dean, Jr., and Defendant Latasha Bullock was present by counsel Richard D. Shinbaum.

Capitol Chevrolet brought suit seeking a determination that the indebtedness owed it was excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A). On December 7, 2004, the Court entered judgment in favor of the Defendant and further assessed attorney's fees against Capitol Chevrolet pursuant to 11 U.S.C. § 523(d). (Docs. 14, 15). Capitol Chevrolet filed a timely motion to alter and amend the Court's judgment on December 17, 2004. (Doc. 19). In the meantime, the Court awarded attorney's fees in the amount of $3,080.00. (Docs. 28, 29). Capitol Chevrolet has moved to vacate the award of attorney's fees. (Doc. 32).

Capitol Chevrolet advances three arguments in support of its motion. First, it contends that the Court's factual finding–that there had been an agreement to hold the check in question for two weeks–is not supported by the evidence. Second, it is contended that even if the Defendant prevails, that suit was substantially justified, which would preclude an award of attorney's fees. Third, it is argued that attorney's fees may not be awarded because the Defendant did not request fees in her responsive pleading.

## I.  Sufficiency of the Evidence

The Court discussed the evidence and its factual findings in detail in the December 7, 2004 Memorandum Decision and need not repeat that discussion here. (Doc. 15). Capitol Chevrolet makes much of the fact that there is no direct evidence of the agreement between the parties. It is well established that factual findings may be based on circumstantial as well as direct evidence. See, Sesert Palace, Inc. v. Costa, 539 U.S. 90, 99, 123 S.Ct. 2148, 2154 (2003). Capitol Chevrolet's argument that the factual findings of the Court are not based upon the evidence is without merit.

## II.  Substantial Justification

The Court is required to award attorney's fees if it finds that the creditor's position is not substantially justified. 11 U.S.C. § 523(d).[1]  Once it is determined that the Debtor prevails, the

---

[1] There are three requirements for an award of attorney's fees under § 523(d). First, the underlying debt must have been a consumer debt; second, the debt must ultimately be discharged; and third, the Court must find that the position of the creditors was not substantially justified. Once those findings are made, fees will be awarded unless the Court finds that special circumstances exist which would make an award of attorney's fees unjust. Capitol Chevrolet does not dispute that the debt was a consumer debt.

-2-

burden shifts to the creditor to prove that its position was "substantially justified."  AT&T Universal Card Services Corp. v. Williams (In re: Williams), 224 B.R. 523, 529 (2nd Cir. BAP 1998); First Deposit National Bank v. Mack (In re: Mack), 219 B.R. 311, 314 (Bankr. N.D. Fla. 1998).  To carry its burden, the creditor must show that it has a "reasonable basis in both law and fact."  Id.

The Court's finding that the position of Capitol Chevrolet lacked substantial justification for its position is based upon the following:  it "offered no evidence regarding any specific representations made by the Debtor relating to a past or existing material fact."  (Doc. 15, p. 5).  There was a total failure of proof as to two elements of the Plaintiff's case:  (1) there was no evidence that a false statement had been made; and (2) there was no evidence the Debtor intended to defraud.

Capitol Chevrolet cites the Alabama criminal bad check statute, seeking to use the presumption of the maker's intent to supply the missing element of intent here.  This position is incorrect for two reasons.  First, the presumption contained in the Alabama bad check statute is inapplicable to a proceeding under § 523(a)(2)(A).  Second, even if one were to assume for the sake of argument that a debtor's intent to defraud could be inferred based solely on a presumption contained in a state law criminal bad check statute, that presumption would not operate here in any event as the evidence adduced at trial would have overcome the presumption.

Capitol Chevrolet cites to the provisions of Alabama Code § 13A-9-13.1 in support of its contention that it was substantially justified here.[2] Capitol Chevrolet contends that the following two facts justify its position: (1) the Defendant tendered a check which was subsequently dishonored; and (2) Capitol Chevrolet sent the 10-day letter called for by the Alabama bad check statute. It is undisputed here that the check in question was dishonored and that the requisite letter was sent.

To revisit the facts of this case, the Debtor purchased an automobile tendering $2,000 in cash and two checks for $500 each, in addition to executing a promissory note. One of the $500 checks was dishonored. Capitol Chevrolet called only one witness, a clerical employee who attempted to collect the dishonored check. The witness had no knowledge of the transaction at hand but did not dispute the contention of Debtor's counsel, that there had been an agreement to hold the check for two weeks. It strikes the Court that it was inappropriate for Capitol Chevrolet to agree to hold the check in question, proffer no evidence as to the underlying understanding of

---

[2] Alabama Code § 13A-9-13.1 provides, in part, as follows:

(a) A person commits the crime of negotiating a worthless negotiable instrument if the person negotiates or delivers a negotiable instrument for a thing of value and with the intent, knowledge, or expectation that it will not be honored by the drawee.

(b) For the purposes of this section, it is prima facie evidence that the maker or drawer intended, knew or expected that the instrument would not be honored in any of the following instances:

* * *

(2) Payment was refused by the drawee for lack of funds, upon presentation within 30 days after delivery, and the maker or drawer shall not have paid the holder thereof the amount due thereon, together with a service charge of not more than (fill in appropriate amount as provided by law), within 10 days after receiving written notice from the holder of the instrument that payment was refused upon the instrument, as provided in Section 13A-9-13.2.

the parties, and rely on a presumption which it knew or should have known was invalid under the facts of this case.

In its Motion to Alter and Amend, Capitol Chevrolet pointedly ignores the most glaring defect in its case. The Court stated the following in its December 7th Memorandum Decision:

> Capitol Chevrolet has failed to prove that the Debtor did not have the intention to pay what was owed. The Debtor wrote two checks to Capitol Chevrolet. One of those checks did clear and the other did not. The Debtor paid a $2,500 cash down payment on the vehicle and signed a promissory note in the amount of $8,000. To find fraudulent intent based upon these facts as the Plaintiff urges, would require this Court to hold that the debtor paid $2,500 cash out of her own pocket with the intent to defraud Capitol Chevrolet in the amount of $500. (Doc. 15, p. 6).

The theory behind Capitol Chevrolet's case is wholly illogical. There is nothing in the evidence to suggest that Bullock did not intend to make the $500 check good when it was to be negotiated, some 15 days after the sale of the automobile. Capitol Chevrolet failed to prove that the Debtor made any false representation as to any past or existing material fact at the time of the transaction.

Bankruptcy courts have overwhelmingly rejected the proposition that a presumption contained in a state bad check statute may be used to supply the element of intent in a proceeding under § 523(a)(2)(A). Nite Lite Signs and Balloons, Inc., v. Philopulos (In re: Philopulos), 313 B.R. 271, 280 (Bankr. N.D. Ill. 2004)(violation of Illinois bad check statute does not establish nondischargeability under federal bankruptcy law); Mega Marts, Inc. v. Trevisan (In re: Trevisan), 300 B.R. 708, 718 (Bankr. E.D. Wis. 2003)(violation of Wisconsin bad check statute

-5-

does not establish fraud in action under 11 U.S.C. § 523(a)(2)(A); Union National Bank & Trust v. Guest (In re: Guest), 193 B.R. 745, 748-49 (Bankr. E.D. Pa. 1996)(violation of Pennsylvania bad check statute does not require intent to defraud); Tusco Grocers, Inc., v. Coatney (In re: Coatney), 185 B.R. 546, 549 (Bankr. N.D. Ohio 1995)(Ohio statute which provides that evidence of returned check is sufficient to constitute a prima facie case of fraud did not apply in federal bankruptcy proceeding); Check Control, Inc. v. Anderson (In re: Anderson), 181 B.R. 943, 947-48 (Bankr. D. Minn. 1995)(presumption in Minnesota criminal bad check statute may not be used to prove intent in action pursuant to § 523(a)(2)(A)); Georgia Casualty and Surety Co., v. Miller (In re: Miller), 112 B.R. 937, 940 n. 2 (Bankr. N.D. Ind. 1990)(Grant, B.J.)(presumption in Indiana bad check statute may not be used to provide intent in action brought pursuant to § 523(a)(2)(A)); Microtech International, Inc.v. Horwitz (In re: Horwitz), 100 B.R. 395, 402 (Bankr. N.D. Ill. 1989)(violation of Illinois bad check statute is not proof of any of the elements of a case under 11 U.S.C. § 523(a)(2)(A); Tosco Corporation v. Tuggle, 86 B.R. 612, 616 (Bankr. E.D. Mo. 1988)(Missouri bad check statute which implies fraud inapplicable in federal bankruptcy proceeding); contra, Frits Loonsten, Inc., v. Mullin (In re: Mullin), 51 B.R. 377, 379 (Bankr. S.D. Ind. 1985)(Bayt, B.J.)(violation of Indiana bad check statute infers fraudulent intent).

Capitol Chevrolet argues that "the Defendant could have been criminally prosecuted and convicted for writing a bad check," citing the provisions of Ala. Code § 13A-9-13.1. (Doc. 19). The Court does not agree. Capitol Chevrolet accepted a check and agreed to hold it knowing that it was not good at the time it accepted the check. Under these facts, the Debtor quite clearly did not commit a crime.

Case 04-03058    Doc 35    Filed 03/11/05    Entered 03/11/05 12:16:21    Desc Main
                              Document      Page 6 of 9

### III. Demand for Attorney's Fees

Capitol Chevrolet contends that fees may not be awarded as the Debtor failed to demand attorney's fees in her answer. There is no authority which is binding on this Court with respect to this question, further, bankruptcy courts have split on this question. See, <u>Mercantile Bank of Illinois v. Williamson (In re: Williamson)</u>, 181 B.R. 403, 409 (Bankr. W.D. Mo. 1995)(demand for attorney's fees not required); <u>First National Bank of Lincolnshire v. Bernhardy (In re: Bernhardy)</u>, 103 B.R. 198, 199 (Banrk. N.D. Ill. 1989)(to same effect); <u>Thorp Credit, Inc. v. Smith (In re: Smith)</u>, 54 B.R. 299, 303 (Bankr. S.D. Iowa 1985); <u>Commercial Union Insurance Company v. Sidore (In re: Sidore)</u>, 41 B.R. 206, 209-10 (Bankr. W.D. N.Y. 1984); <u>but see</u>, <u>Montgomery Ward v. Blackburn (In re: Blackburn)</u>, 68 B.R. 870, 881 (Bankr. N.D. Ind. 1987)(request for attorney's fees should comport with Rule 15, Fed. R. Civ. P.); <u>West Springfield M.E. Credit Union v. Finne (In re: Finne)</u>, 21 B.R. 368, 370 (Bankr. D. Mass. 1982)(failure to request fees operated as a waiver).

The Court will revisit § 523(d), which provides as follows:

> If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of the section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceedings if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

The plain language of the statute mandates an award of attorney's fees if the position of the creditor is not substantially justified, unless special circumstances would make the award unjust. The statute does not require a motion or request from the debtor.

One might argue that where, as here, no demand for fees is made, that the creditor may not have known that it should offer evidence of "special circumstances" in the event it did not prevail. The substantial justification, or lack thereof, can be determined by reference to the same evidence as that which was offered in the case in chief. However, "special circumstances" would appear to include matters which may not bear directly on the main question. (i.e. whether the debtor intended to defraud her creditor). Any prejudice that Capitol Chevrolet may have suffered was cured when the Court accepted its proffer of evidence at the January 25, 2005, hearing.

Capitol Chevrolet proffered, among other things, copies of the Debtor's bank records, which show that she did not have sufficient funds in her bank account at any point in time from the date that the check was written to the time, some 15 days later, when the check was presented and dishonored by the Debtor's bank. Contrary to the argument of Capitol Chevrolet, this does not prove that the Debtor intended to defraud Capitol Chevrolet, rather it shows that when they took her last dollar (i.e. the $2,500 down payment) and that she was simply unable to come up with any more money during the subsequent 15 days. The Debtor made a promise that she could not keep. This is not fraud.

### IV. CONCLUSION

The Court has carefully considered the arguments made by Capitol Chevrolet and, nevertheless, finds that it lacked substantial justification for its position in bringing this suit and

further finds that there are no special circumstances which would make an award of attorney's fees unjust. For these reasons, Capitol Chevrolet's motion is denied. The Court will enter an appropriate order by way of a separate document in accordance with Rule 9021, Fed. R. Bankr. P. In addition, the Court will award attorney's fees to the Debtor for those fees incurred subsequent to the judgment.

Done this 11th day of March, 2005.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Richard C. Dean Jr., Attorney for Plaintiff
   Richard D. Shinbaum, Attorney for Defendant